IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCEL MALACHOWSKI, #15287-052, Petitioner, v. NFN RIVERS, Respondent. | § § § § § § § § § § | No. 3:22-cv-01156-C (BT) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Marcel Malachowski, a federal prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, the Court should dismiss the petition.

**I.**

Malachowski is a Bureau of Prisons (BOP) inmate at Seagoville Federal Correctional Institution (FCI) in Seagoville, Texas. In April 2009, a jury in the Northern District of New York found him guilty of several felony offenses, including: (1) possession of one or more machine guns in violation of 18 U.S.C. § 922(o); (2) unlawful entry into the United States in violation of 8 U.S.C. § 1325(a); (3) being an unlawful alien in possession of firearms in violation of 18 U.S.C. § 922(g)(5)(A); and (4) illegal reentry after deportation or removal in violation of 8 U.S.C. § 1326(a). App. 12 (ECF No. 10). App. 12 (ECF No. 10); Case Number 5:08-CR-701 (DNH). On December

1

21, 2009, the district court in New York sentenced him to 78 months' imprisonment. *Id.* at 14.

Malachowski appealed to the Second Circuit Court of Appeals, and the Second Circuit affirmed the district court's judgment. *United States v. Malachowski*, 415 F. App'x 307 (2d Cir. 2011). Thereafter, Malachowski filed several post-conviction motions, which were denied. *Id.* at 21-25. On December 23, 2016, he filed a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. App. 26 (ECF No. 10). The court denied Malachowski's § 2255 motion on July 26, 2018. *Id.* at 27.

In a second federal case out of the Northern District of New York, Malachowski was charged with being engaged in a continuing criminal enterprise (CCE), which involved the importation of thousands of kilograms of marijuana into the United States and possession with intent to distribute and the distribution of marijuana. *Id.* at 154; Case Number 1:09-CR-125-4. He pleaded guilty. App. 124 (ECF No. 10). On January 7, 2014, he was sentenced to a total term of 178 months' imprisonment. *Id.* Malachowski's sentence was ordered to run concurrent with the 78-month sentence from his first case. *Id.*

On April 29, 2022, Malachowski filed this petition for writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 3.) He argues "[c]larification" in *Rehaif v. United States*, 139 S. Ct. 2194 (2019), demonstrates he stands

"convicted" of "offenses to which he is otherwise innocent." Mem. 21 (ECF No. 4).

## II.

### A. Malachowski's *Rehaif* claim fails to satisfy the savings clause.

A federal prisoner seeking to challenge the manner in which his sentence is executed typically files a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See Warren v. Miles,* 230 F.3d 688, 694 (5th Cir. 2000). But if the prisoner seeks to collaterally attack the legality of his conviction or sentence, he will generally file a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. *See Cox v. Warden, Fed. Detention Ctr.,* 911 F.2d 1111, 1113 (5th Cir. 1990). However, a federal prisoner may use § 2241 to challenge the legality of his conviction or sentence if he can satisfy the requirements of the § 2255 "savings clause." The savings clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention.*

*Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000) (quoting 28 U.S.C. § 2255(e) (emphasis added)).

The movant bears the burden of showing that the § 2255 remedy is inadequate or ineffective. *Reyes-Requena v. United States,* 243 F.3d 893, 901 (5th Cir. 2001) (quoting *Pack,* 218 F.3d at 452). In the Fifth Circuit, "§

3

2241 is not a mere substitute for § 2255 and [ ] the inadequacy or inefficacy requirement is stringent." *Reyes-Requena*, 243 F.3d at 901; *see also Pack*, 218 F.3d at 453 ("merely failing to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy"). The bar against filing a successive § 2255 motion does not render § 2255 "inadequate or ineffective" within the meaning of the savings clause. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). The fact that a movant who never filed a first § 2255 motion may now be barred from doing so by the one-year statute of limitations does not render § 2255 "inadequate or ineffective." *Loredo v. Joslin*, 2004 WL 2208124, at *1 (N.D. Tex. Oct. 1, 2004). Rather, the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the movant may have been convicted of a nonexistent offense, and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the movant's trial, appeal, or first § 2255 motion. *See Reyes-Requena*, 243 F.3d at 904; *see also Santillana v. Upton*, 846 F.3d 779, 782 (5th Cir. 2017); *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010). When a petitioner fails to satisfy the savings clause, the court should dismiss the § 2241 petition for lack of jurisdiction. *See Lang v. Wilson*, 2018 WL 684890, at *3 (N.D. Tex. Feb. 1, 2018) (citing *Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. 2003)).

4

Here, Malachowski's attempt to satisfy the savings clause with the Supreme Court's decision in *Rehaif* fails because he has not shown he is relying on a "retroactively applicable Supreme Court decision." *Reyes-Requena*, 243 F.3d at 904. *Rehaif* is not retroactively applicable on collateral review. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (holding *Rehaif* "was not made retroactive to cases on collateral review by the Supreme Court"); *Nixon v. United States*, 2019 WL 6498088, at *3 (N.D. Tex. Dec. 3, 2019) (same); *Young v. United States*, 2020 WL 1237402, at *2 (N.D. Tex. Feb. 18, 2020), *rec. adopted* 2020 WL 1236571 (N.D. Tex. Mar. 13, 2020) (same); *United States v. Navarro*, 2020 WL 709329, at *3 (S.D. Tex. Feb. 11, 2020) (same). Because *Rehaif* is not retroactively applicable on collateral review, Malachowski cannot satisfy the savings clause. *See Abram v. McConnell*, 3 F.4th 783, 785 (5th Cir. 2021) (providing the savings clause requires a petitioner to show his § 2241 petition raises a claim "based on a retroactively applicable Supreme Court decision") (quoting *Santillana*, 846 F.3d at 782).

Malachowski also has not met his burden of demonstrating *Rehaif* establishes he "may have been convicted of a nonexistent offense." *Abram*, 3 F.4th at 786; *Reyes-Requena*, 243 F.3d at 904. Rather, *Rehaif* merely addressed the Government's burden of proof in a prosecution for possession of a firearm while being illegally or unlawfully in the United States. *See Rehaif*, 139 S. Ct. at 2200 (holding in a prosecution for possession of a

5

firearm under § 922(g) and § 924(a), the Government must prove: (1) the defendant knew he possessed the firearm, and (2) he knew he belonged to the relevant category of restricted persons barred from possessing a firearm); *see also Abram*, 3 F.4th at 784 (recognizing *Rehaif* held, "the Government must prove that a defendant knows of his status as a person barred from possessing a firearm") (quoting *Rehaif*, 139 S. Ct. 2195); *Williams v. Underwood*, 2020 WL 1866895, at *2 (N.D. Tex. Mar. 17, 2020) (recognizing *Rehaif* merely addressed the Government's "burden of proof"), *rec. adopted* 2020 WL 1862576 (N.D. Tex. Apr. 14, 2020).

Malachowski has failed to show he is similarly situated to the petitioner in *Rehaif*. In *Rehaif*, the petitioner was in this country on a nonimmigrant student visa, and he was in a situation where a reasonable person might be confused about their immigration status when he was convicted of being an alien unlawfully in possession of a firearm. *See Rehaif*, 139 S. Ct. at 2194. Malachowski does not argue he did not know of his alien status, and to satisfy the savings clause, it is necessary for him to show he was similarly situated to the defendant in *Rehaif*. Instead, Malachowski represents he is registered in the Kamloops Band of Indians, and he is an American Indian. Mem. 12-13, 18, 26-27, 30-32 (ECF No. 4).

### B. **Malachowski is not in custody on the conviction for which he seeks habeas relief.**

Malachowski concedes he is no longer "in custody" for his conviction under § 922(g)(5)(A), which is the basis of his *Rehaif* argument. Mem. 3 (ECF No. 4) (conceding "[his] sentence has expired"). He was sentenced in his first federal case, Case Number 5:08-CR-701 (DNH), to 78 months' imprisonment. If he had served that sentence as a "stand alone" sentence, his release date, including good time, would have been July 17, 2014. *See* App. 161-63 (ECF No. 10). Malachowski's projected release date from his second federal sentence is May 2, 2025, and that release date also reflects "good time credit." *Id.* The May 2025 release date incorporates both of Malachowski's federal sentences: the sentence for 78 months (first sentence) and the sentence for 178 months (second sentence). *Id.* at 161. Malachowski is not "in custody" on the first federal sentence, the sentence for which he now seeks habeas relief, as he is not presently in custody on that sentence and is not serving a term of supervised release. *See* 18 U.S.C. § 3624(e) (stating a term of supervised release does not run during any period when the individual is imprisoned in connection with another crime including and providing an exception where the term of imprisonment on a federal state, or local crime is less than thirty consecutive days).

In sum, Malachowski has served his first federal sentence—the sentence from which he seeks relief under § 2241—and he is not entitled to

relief on his petition under § 2241, which only authorizes a writ of habeas corpus for a prisoner who is "in custody." 28 U.S.C. § 2241(c)(3); *Rodriquez v. Director*, 2021 WL 291458, at *1 (N.D. Tex. Jan. 27, 2021); *see also Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976) (the function of a writ of habeas corpus is to grant relief from unlawful imprisonment or custody).

### C. **Malachowski's non-*Rehaif* claims do not satisfy the savings clause.**

Malachowski makes other non-*Rehaif* arguments in his petition, but he has not shown that any one of these claims satisfies the savings clause. He argues evidence of his "native status" was improperly excluded by the trial court, and his trial counsel provided ineffective assistance of counsel. Mem. 25-28, 29-32 (ECF No. 4). Both claims fail under the savings clause because Malachowski has not shown they are based on a retroactively applicable Supreme Court decision that demonstrates he may have been convicted of a nonexistent offense. *See Santillana*, 846 F.3d at 782; *see also Ball v. Conner*, 83 F. App'x 621, 622 (5th Cir. 2003) (per curiam) ("Ball's claim of ineffective assistance of counsel fails to satisfy the requirements of the savings clause. The claim is not based on a retroactively applicable Supreme Court decision which establishes Ball's innocence."). For these reasons, Malachowski's non-*Rehaif* claims do not satisfy the savings clause, and his petition should be dismissed. *See Christopher*, 342 F.3d at 379, 385; *Lang*, 2018 WL 684890, at *3.

8

### D. **Malachowski is not entitled to an evidentiary hearing**.

Last, Malachowski argues he is entitled to an evidentiary hearing to address his petition. Reply 10-11 (ECF No. 11). A federal habeas court is not required to conduct an evidentiary hearing in each case. *McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998). "To receive a federal evidentiary hearing, the burden is on the habeas corpus petitioner to allege facts which, if proved, would entitle him to relief." *United States v. Tubell*, 37 F.3d 175, 179 (5th Cir. 1994) (quoting *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989)); *see also Wahl v. Bureau of Prisons Officers*, 281 F. App'x. 359, 360 (5th Cir. 2008) (per curiam) (applying *Ellis* to a § 2241 case). An evidentiary hearing is not necessary when the record is complete, or the petitioner raises only legal claims that can be resolved without obtaining additional evidence. *Tubell*, 37 F.3d at 179 (citing *Ellis*, 873 F.2d at 840); *see also Ortloff v. Fleming*, 88 F. App'x 715, 717 (5th Cir. 2004) (per curiam).

As discussed, Malachowski has failed to show any of his claims satisfy the savings clause, and his petition is subject to dismissal. *See Christopher*, 342 F.3d at 379, 385; *Lang*, 2018 WL 684890, at *3. Because no additional development of Malachowski's petition is warranted, his motion for an evidentiary hearing is denied.

### III.

For the foregoing reasons, the Court should dismiss Malachowski's § 2241 petition.

Signed April 24, 2023.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).