IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARCEL MALACHOWSKI,          §
#15287-052,                  §
     Petitioner,            §
                           §
v.                           §  No. 3:22-cv-01156-C (BT)
                           §
NFN RIVERS,                  §
                           §
     Respondent.            §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Petitioner Marcel Malachowski's "Motion To Supplement" under Rule 59(e). (ECF No. 19.) For the reasons stated, the Court should DENY Malachowski's motion.

I.

Malachowski is a Bureau of Prisons (BOP) inmate at Seagoville Federal Correctional Institution (FCI) in Seagoville, Texas. He is currently serving concurrent sentences for convictions in two cases involving firearms, controlled substances, and immigration violations.

On April 29, 2022, Malachowski filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, in which he argued that "[c]larification" in *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019), demonstrates that he was "convicted" of "offenses to which he is otherwise innocent." Mem. 21 (ECF No. 4). On May 23, 2023, the District Court

accepted the magistrate judge's recommendation to dismiss Malachowski's petition with prejudice because (1) his *Rehaif* claim failed to satisfy the savings clause; (2) he was not in custody on the conviction for which he sought habeas relief; and (3) his non-*Rehaif* claims did not satisfy the savings clause. Ord. (ECF No. 17). The District Court also entered a final judgment, J. (ECF No. 18), which Malachowski appealed to the Fifth Circuit Court of Appeals, (ECF No. 20.)

Thereafter, on June 5, 2023, the Court received the pending "Motion To Supplement," in which Malachowski argues he is entitled "to supplement his §2241 habeas petition with new evidence." *Id.* at 1. The Court construes this motion as a request to reconsider its decision to dismiss Malachowski's habeas petition.

II.

A motion seeking reconsideration of a prior ruling is evaluated either as (i) a motion to alter or amend a judgment under Rule 59(e), or (ii) as a motion for relief from a final judgment, order, or proceeding or under Rule 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). If the movant filed the motion within twenty-eight days after the entry of judgment, the Court treats the motion as though it was filed under Rule 59; and if the movant filed the motion more than twenty-eight days after the entry of judgment, the Court analyzes it under Rule 60(b). *Id.* Here, Malachowski filed his motion on May 24, 2023, one day after the Court

entered its judgment on May 23, 2023.[1] Therefore, the Court considers the motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.).

Under Rule 59, the court may "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law. . . and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2). When a court considers a Rule 59 motion, it is must recognize "the need to bring litigation to an end and the need to render decisions on the basis of all the facts" must be balanced. *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). A motion to alter or amend judgment under Rule 59(e) "serve[s] the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)). A manifest error of law is an error "that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (internal quotation marks omitted). A court has considerable discretion in deciding whether to reopen a case under a Rule 59(e) motion.

---

[1] A prisoner's pleading is deemed filed on the date it is delivered to prison officials for mailing to the clerk of court. *Houston v. Lack*, 487 U.S. 266, 276 (1988). Here, Malachowski's motion is signed and dated May 24, 2023. Mot. 4 (ECF No. 19).

*Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

## III.

Malachowski asserts that "ICE" has determined he is not subject to deportation, and he is therefore "actually innocent" of illegal entry (counts three and five in his first case) . Mot. 3 (ECF No. 19) (citing 8 U.S.C. § 1359). Malachowski further states that on October 31, 2008, he "was found within the territorial limits of the Akwesasne Indian Reservation." *Id.* (citing *United States v. Wilson*, 754 F. Supp. 2d 450 (2d Cir. 2010) ("people who enjoy . . . Indian status in the United States or Canada can cross freely and are not subject to inspection.")).

A § 2241 petition that attacks custody resulting from a federally-imposed sentence can be addressed under the savings clause of § 2255 if the petitioner demonstrates the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." *Padilla v. United States,* 416 F.3d 424, 426 (5th Cir. 2005) (citing *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000)). A petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. *Id.* (citing *Wesson v. United States Penitentiary, Beaumont, TX,* 305 F.3d 343, 347 (5th Cir. 2002)). The savings clause applies to a claim when: (i) the claim is based on a retroactively applicable Supreme Court decision which shows the petitioner may have been convicted of a nonexistent offense; and (ii) the Supreme

Court decision was foreclosed by circuit law at the time the claim should have been raised at the petitioner's trial, on direct appeal, or in his first § 2255 motion. *Id.*; *see also Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

Malachowski's actual innocence claim fails under the savings clause. Even if Malachowski could demonstrate that he was actually innocent of illegal reentry, as he argues, his claim still fails under the savings clause because he has not shown that the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." *See Padilla*, 416 F.3d at 426. As this Court previously found, Malachowski failed to satisfy the savings clause because he failed to show that *Rehaif* is based on a retroactively applicable Supreme Court decision. FCR 5 (ECF No. 14) ("*Rehaif* is not retroactively applicable on collateral review.) *See also In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (holding *Rehaif* "was not made retroactive to cases on collateral review by the Supreme Court"); *Nixon v. United States*, 2019 WL 6498088, at *3 (N.D. Tex. Dec. 3, 2019) (same); *Young v. United States*, 2020 WL 1237402, at *2 (N.D. Tex. Feb. 18, 2020), *rec. adopted*, 2020 WL 1236571 (N.D. Tex. Mar. 13, 2020) (same); *United States v. Navarro*, 2020 WL 709329, at *3 (S.D. Tex. Feb. 11, 2020) (same)). For these reasons, Malachowski has not shown that his claim satisfies the savings clause, and his *Rehaif* claim was properly dismissed. *See Lang v.*

*Wilson*, 2018 WL 684890, at *3 (N.D. Tex. Feb. 1, 2018) (citing *Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. 2003)).

Malachowski further argues that he was "effectively precluded from mounting any defense about his immigration status," which is "a necessary element of §922(g)(5)." Mot. 3 (ECF No. 19). Malachowski's contends that: (1) evidence of his "Native Status" affords him protection and was improperly excluded by the trial court; and (2) his trial attorney provided ineffective assistance of counsel. *Id.* at 2. Both claims fail under the savings clause because Malachowski has failed to demonstrate either claim is based on a retroactively applicable Supreme Court decision showing that he may have been convicted of a nonexistent offense. FCR 8 (ECF No. 14) (citing *Ball v. Conner*, 83 F. App'x 621, 622 (5th Cir. 2003) (per curiam)). Both non-*Rehaif* claims fail under the savings clause, and Malachowski's petition was properly dismissed. *See Christopher*, 342 F.3d at 379, 385; *Lang*, 2018 WL 684890, at *3.

Last, Malachowski argues that "it is possible" to transfer the "Native Status" issue under 28 U.S.C. § 1631 (addressing a transfer to cure want of jurisdiction). Mot. 2 (ECF No. 19). According to Malachowski. "such evidence supports a reasonable conclusion that [he] received ineffective assistance of counsel in violation of the Sixth Amendment." *Id.* But Malachowski has failed to show this claim is based on a retroactively applicable Supreme Court decision that shows he may have been convicted

6

of a nonexistent offense. *Padilla*, 416 F.3d at 426. This claim does not satisfy the savings clause, and Malachowski's petition was properly dismissed. *See Christopher*, 342 F.3d at 379, 385; *Lang*, 2018 WL 684890, at *3.

In sum, Malachowski's arguments fail to demonstrate that he satisfies the savings clause under § 2255(e). For this reason, Malachowski is not entitled to relief from this Court's judgment dismissing his § 2241 petition with prejudice.

## RECOMMENDATION

The Court should DENY Malachowski's Rule 59(e) motion (ECF No. 19).

SO RECOMMENDED.

July 28, 2023.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).